UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES IKO,

Petitioner,

v.

NV PAROLE BOARD,

Respondent.

Case No. 3:26-cv-00022-ART-CSD

DISMISSAL ORDER

Petitioner Charles Iko, a Nevada state prisoner who is serving a sentence of life with the possibility of parole for his first-degree murder conviction, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis*, and a financial certificate. (ECF Nos. 1 ("IFP Application"), 1-1 ("Petition"), 4.) The Court finds that good cause exists to grant the IFP Application. However, following a preliminary review of the Petition under the Rules Governing Section 2254 Cases,[1] the Court dismisses the Petition.

Iko alleges that the Nevada Parole Board has exceeded the Eighth Judicial District Court's authority. (ECF No. 1-1 at 3.) The Eighth Judicial District Court sentenced him to life with the possibility of parole after ten years, but he has been in prison for almost 35 years, and the Nevada Parole Board has denied him parole on ten different occasions. (*Id.*) Most recently, when Iko was before the Nevada Parole Board on July 30, 2025, it stated that Iko needed to complete another 5 years before being considered for parole in the future even though he was only required to complete another 3 years after each of his prior parole board denials. (*Id.*)

---

[1] Under Habeas Rule 4, the assigned judge must examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Habeas Rule 4; *see also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

The Petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

In *Moor v. Palmer*, the Court of Appeals for the Ninth Circuit stated, "[t]o the extent that Moor is requesting habeas relief on the basis of the [Parole] Board's violation or misapplication of Nevada statutes in and of themselves, he fails to state a basis for federal habeas relief," and "[t]o the extent that Moor is asserting that the Board's violation or misapplication of Nevada law violated his federal due process rights, we reject that argument as well, because Moor has no liberty interest in parole." 603 F.3d 658, 661 (9th Cir. 2010). Regarding the second statement, the Court of Appeals elaborated as follows:

> Nevada's statutory parole scheme, however, expressly disclaims any intent to create a liberty interest. *See* Nev. Rev. Stat. § 213.10705 (legislative declaration that "the release or continuance of a person on parole or probation is an act of grace of the State . . . and it is not intended that the establishment of standards relating thereto create any such right or interest in liberty or property. . . ."). The statute does not use mandatory language; instead, it provides that "the Board *may* release on parole a prisoner who is otherwise eligible for parole" and lists factors to be considered in exercising that discretion. Nev. Rev. Stat. § 213.1099(1), (2) (emphasis added). The Nevada Supreme Court has held that the discretion conferred on the Board by Nev. Rev. Stat. § 213.1099 "does not confer a legitimate expectation of parole release and therefore does not create a constitutionally cognizable liberty interest" in parole. *Severance v. Armstrong*, 96 Nev. 836, 620 P.2d 369, 370 (1980).

*Id.* at 661–62.

Given that Ike has no liberty interest in parole, he fails to allege a deprivation of one or more federal rights, so the Court dismisses the Petition.

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further ordered that the Petition (ECF No. 1-1) is dismissed without prejudice as not cognizable. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition to be debatable or wrong.

It is further kindly ordered that the Clerk of the Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents, (2) electronically provide Respondents' counsel copies of the Petition (ECF No. 1-1), this Order, and all other filings in this matter by regenerating the notices of electronic filing,[2] (3) enter final judgment dismissing this action without prejudice, and (4) close this case.

DATED THIS 17th day of January 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2]No response is required from Respondents other than to respond to any orders of a reviewing court.

3